# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VIJAYAKUMAR MOSES, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil Action. No. 1:01-cv-02528 |
| | ) | (PLF) |
| HOWARD UNIVERSITY HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS RENEWED MOTION FOR SUMMARY JUDGMENT</u>

In support of this Motion for Summary Judgment, Defendant, Howard University Hospital ("Defendant" or "HUH"), through its undersigned counsel, respectfully submits the following memorandum of law:

## I.      STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiff Vijayakumar Moses ("Mr. Moses or "Plaintiff") is a former employee of Defendant.  (Ex. 1, Pl. Dep. pp. 19-20; Ex. 2, Mitchell Dep. p. 15).  On  February 22, 1999, while still employed by HUH, Plaintiff filed a lawsuit against HUH captioned <u>Moses v. Howard University Hospital</u>, Civil Action No. 99-410 (TFH) ("the First Lawsuit") alleging discrimination based on age, race, and national origin, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq* ("Title VII").  On October 31, 2000, during the pendency of the First Lawsuit, Plaintiff's employment with HUH ended.  (<u>See</u> Ex. 25 to D.E. 33, Defendant's Motion for Summary Judgment).  On January 31, 2002, Judge Huvelle entered summary judgment in favor of HUH in the First Lawsuit on all of Plaintiff's claims except the age discrimination claim.  (<u>See</u> D.E. 41, Summary Judgment Order).  On May 17, 2001, the

- 1 -

parties settled the age discrimination claim.  (Id.; Ex. 25 to D.E. 33, Defendant's Motion for Summary Judgment).   Thereafter, Plaintiff voluntarily dismissed the First Lawsuit with prejudice. (Id.).

On December 6, 2001, Plaintiff filed the instant action against Defendant alleging that HUH, in violation of Title VII, terminated him in retaliation for filing his previous lawsuit against HUH.  (D.E. 1, Compl. ¶3).  In the Complaint, Plaintiff seeks only monetary relief for the alleged violations of Title VII.  (D.E. 1, Compl., Prayer for Relief).  Specifically, Plaintiff seeks to recover backpay, frontpay, reimbursement for lost benefits, and compensatory and punitive damages from HUH.  (D.E. 1, Complaint, Prayer for Relief).

On February 12, 2007, this Court entered summary judgment in favor of HUH on all of Plaintiff's claims, except for his claim that HUH retaliated against him when it terminated his employment on October 31, 2000.  (D.E. 41, Order on Summary Judgment).  Thereafter, on November 14, 2007, this Court entered a scheduling order setting a trial date of January 28, 2008 for the remaining claim. (D.E. 58, Scheduling Order ).

On or about November 29, 2007, during the course of preparing for trial, Defendant learned through a public records search that Plaintiff had filed two bankruptcy petitions during the pendency of the above-captioned lawsuit and subsequent to the filing of the First Lawsuit against HUH.   (In re Vijayakaumar Moses, Ch. 7 Case No. 03-19009-DK (Bankr. D. Md.) (Ex. 3, Certified Petition in Bankruptcy) and (In re Vijayakaumar Moses, Ch. 13 Case No. 07-10802 (Bankr. D. Md.) (Ex. 4, Certified Petition in Bankruptcy).

The public records search revealed that on September 29, 2003, nearly two years after he filed this action, Plaintiff filed a Chapter 7 petition in Maryland. (Ex. 3, Certified Petition in Bankruptcy).  Question 4 of the 2003 statement of financial affairs ("2003 SOFA") that Mr.

- 2 -

Moses filed with the bankruptcy court required Mr. Moses to list "all suits and administrative proceedings to which the debtor is or was a party with in one year immediately preceding the filing of this bankruptcy case."  Although he executed the 2003 SOFA under penalty of perjury, Plaintiff did not, in response to Question 4, disclose this lawsuit to the bankruptcy court.  (Id.). Instead, in his 2003 SOFA, Mr. Moses listed only a case captioned Primus Automotive Fin. Services, Inc. / Ford Motor Credit Co. v. Moses, Civ. Action No. 19259-01, a vehicle repossession action in the District Court for Upper Marlboro, Maryland that he stated culminated in a September 13, 2002 judgment garnishing Plaintiff's wages. Plaintiff never amended his 2003 SOFA to disclose this lawsuit.  (Ex. 3, Certified Petition in Bankruptcy, Docket Sheet). The bankruptcy court discharged Plaintiff's unsecured debts in the amount of approximately $20,000.00 on January 5, 2004.  It entered a final decree closing the case on January 5, 2005. (Ex. 5, Certified Order Discharging Debtor & Ex. 6, Final Decree).

On January 5, 2007, Plaintiff filed a second bankruptcy petition, this time under Chapter 13, again in Maryland.  (Ex. 4, Certified Petition in Bankruptcy).  In response to Question 4 of his 2007 statement of financial affairs ("2007 SOFA"), which he executed under penalty of perjury, Mr. Moses, for a second time, failed to disclose this lawsuit to the bankruptcy court. (Id.).  Plaintiff listed only a garnishment proceeding against him in the Prince George's District Court, captioned Harbor Bank v. Moses, Civil Action No. 34603-2005.  During the pendency of his Chapter 13 case, Plaintiff did not amend his 2007 SOFA to disclose this case.  (Ex. 4, Certified Petition in Bankruptcy, Docket Sheet).   On May 2, 2007, the bankruptcy court denied confirmation of Mr. Moses' Chapter 13 plan on grounds that the plan did not satisfy the confirmation requirements of 11 U.S.C. §1325.  (Ex. 7, Certified Order Denying Confirmation of

- 3 -

the Plan). The Court dismissed the case on June 25, 2007.  (Ex. 8, Certified Order Dismissing Case).

Prior to November 29, 2007, the date that counsel for HUH performed its public records search, Defendant was unaware of any bankruptcy proceedings involving Plaintiff. (Ex. 9, Declaration of Counsel, ¶ 8).

## II.   ARGUMENT & CITATION TO AUTHORITY

### A.   Standard applicable to motions seeking summary judgment.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show both that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The standard for granting summary judgment mirrors the standard for directed verdict under Rule 50(a).  Id.; Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).  Though courts must construe all evidence in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986), the "mere presence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  Further, where the evidence is "so one-sided that one party must prevail as a matter of law," judgment as a matter of law is required.  Dunning v. Quander, 102 Fair Empl. Prac. Cas.  (BNA) 14, 14 (D.C. Cir. 2007); Twist v. Meese, 854 F.2d 1421, 1428 (D.C. Cir. 1988).  As the Defendant demonstrates herein, there are no genuine issues of material fact, and it is entitled to judgment as a matter of law.

US2000 10483918.5

**B.      Plaintiff's claims are barred by the doctrine of judicial estoppel and should be dismissed.**

      **1.      Judicial estoppel is an established equitable doctrine used to preserve the integrity of the courts.**

Judicial estoppel is an equitable doctrine that operates to prevent a party to litigation from "making a mockery" of the judicial system by taking a position in one legal proceeding that contradicts the position taken by that same party in other litigation.  New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (citing Konstantinidis v. Chen, 626 F.2d 933 (D.C. Cir. 1980)); Am. Nat'l Bank of Jacksonville v. FDIC, 710 F.2d 1528, 1536 (11th Cir. 1983).  There is no specific formula for the application of judicial estoppel.  New Hampshire, 532 U.S. at 750.  In general the doctrine's applicability will rest upon three factors: (1) whether a party's later position is "clearly inconsistent" with its earlier position; (2) whether the party succeeded in persuading a court to rely upon or accept the clearly inconsistent later position such that one of the courts was misled; and (3) whether the party sought to obtain an unfair advantage by making the inconsistent statements.  Id.

      **2.      Courts commonly apply the doctrine of judicial estoppel in situations where a plaintiff/debtor has failed to disclose a previously filed lawsuit to the bankruptcy court.**

Courts have consistently held that where a plaintiff has failed to disclose a pending lawsuit to the bankruptcy court, the plaintiff has undermined the judicial machinery of the court and the plaintiff should be judicially estopped from asserting his claims.  Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 419-20 (3d Cir. 1988) (company judicially estopped from pursuing a case against a bank where the company failed to disclose the lawsuit in a prior bankruptcy proceeding); Gebert v. Transport Admin. Servs., 260 F.3d 909, 914-16 (8th Cir.

- 5 -

2001) (summary judgment on judicial estoppel grounds properly entered against plaintiffs who failed to disclose pending *qui tam* action on bankruptcy schedules).

Courts routinely invoke the doctrine in employment discrimination cases to prevent plaintiff/debtors from defrauding the bankruptcy court. Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 601 (5th Cir. 2005) (affirming summary judgment on judicial estoppel grounds in employment discrimination case where debtor failed to disclose her EEOC charge and potential Title VII claim to bankruptcy court); Tyler v. Fed. Express Corp., 206 F. App'x 500, 500 (6th Cir. 2006) (affirming summary judgment on judicial estoppel grounds where debtor in Chapter 13 case failed to disclose the existence of an ADA/ Title VII claim to the bankruptcy court); Lewis v. Weyerhaeuser Co., 141 F. App'x 420, 424-429 (6th Cir. 2005) (affirming application of judicial estoppel in Title VII case where debtor failed to disclose the action to the bankruptcy court); Becker v. Verizon N., Inc., No. 06-2956, 2007 U.S. App. LEXIS 9879 at *4 (7th Cir. Apr. 25, 2007) (affirming summary judgment against plaintiff in Title VII and ADEA case where plaintiff failed to disclose cause of action in Chapter 7 proceedings) (citing De Leon v. Comcar Indus., Inc., 321 F.3d 1289, 1290 (11th Cir. 2003)) (Ex. 10); Cannon-Stokes v. Potter, 453 F.3d 446, 448 (7th Cir. 2006) (affirming summary judgment for employer where plaintiff in suit under the Rehabilitation Act failed to disclose lawsuit in her Chapter 7 petition); Baker v. Dep't of Interior, 125 F. App'x 151, 151 (9th Cir. 2005) (affirming summary judgment on judicial estoppel grounds properly entered against plaintiff in Title VII action who failed to disclose lawsuit on her bankruptcy schedule); Barger v. City of Cartersville, 348 F.3d 1289, 1292-93 (11th Cir. 2003) (plaintiff who failed to disclose previously filed and pending employment discrimination suit in bankruptcy petition judicially estopped from pursuing claims for damages); Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1286 (11th Cir. 2002) (Chapter 13 debtor who

- 6 -

failed to amend his statement of financial affairs to reflect later-filed employment discrimination suit judicially estopped from pursuing money damages); Casanova v. PRE Solutions, Inc., 228 F. App'x 837, 840-41 (11th Cir. 2007) (pending EEOC Charge is property of bankruptcy estate and must be disclosed) (citing Burnes, 291 F.3d at 1287-88 and Barger, 348 F.3d at 1293-97).[1]

Although no specific formula controls, in the New Hampshire case, the Supreme Court laid out three factors for determining whether to apply the doctrine of judicial estoppel: (1) whether the non-movant made inconsistent statements regarding the litigation under oath in prior proceedings; (2) whether the bankruptcy court in Plaintiff's 2003 Chapter 7 case relied upon Plaintiff's clearly inconsistent statements; and (3) whether the non-movant made the inconsistent statements for the purpose of deceiving the court.  All three factors of the New Hampshire test are satisfied here.

---

[1] While this court has not applied the doctrine of judicial estoppel in an employment discrimination action involving bankruptcy, the court has used judicial estoppel to preserve the integrity of its proceedings.  For example, in Donovan v. United States Postal Service, 530 F. Supp. 894, 902 (D.D.C. 1981) (citing Konstantinidis v. Chen, 626 F.2d 933 (D.C. Cir. 1980)) a case decided prior to New Hampshire, the court applied the doctrine of judicial estoppel in an FLSA case to prevent the United States Postal Service ("U.S.P.S..") from asserting a statute of limitations defense where the Postmaster General had previously testified that the U.S.P.S. would not assert that affirmative defense in the litigation.  See also, In re VVF Commc'ns. Corp., 41 B.R. 546, 553-54 (Bankr. D.D.C. 1984) (bankruptcy court invoked the doctrine of judicial estoppel to prevent a debtor who omitted critical information from his testimony about the debtor's ability to meet its obligations under a repayment agreement to benefit from his misrepresentation by barring the debtor from introducing any evidence regarding the agreement in question in later litigation) (the court noted that the debtor's agent "should not be permitted to play fast and loose" with the court and that "there is no rule of law that requires a court to hear incredible testimony from an unbelievable witness").  The Courts of Appeal for the District of Columbia have also endorsed the doctrine of judicial estoppel.  Fairman v. District of Columbia, No. 02-CV-650, 2007 D.C. App. LEXIS 640 at * 10-14 (D.C. Oct. 25, 2007) (District of Columbia judicially estopped from taking position on appeal that former hospital CEO's employment agreement was invalid when it had not disputed the agreement's validity in the trial court) (Ex. 11); Prince Constr. Co., Inc., 892 A.2d 380, 386-87 (D.C. 2006) (affirming trial court's judgment that judicial estoppel precluded party from pursuing claim on contract grounds where it had previously acknowledged that the claim sounded in equity); Porter Novelli, Inc., v. Bender, 817 A.2d 185, 188 (D.C. 2003) (subtenant precluded from relying on lease terms that it had previously rejected in related proceeding).  Application of the New Hampshire factors and the doctrine of judicial estoppel here is proper and would preserve the integrity of the judicial process.

US2000 10483918.5

**3.** **Judicial estoppel applies here because it is undisputed that Plaintiff made inconsistent statements under oath in a prior judicial proceeding.**

The first <u>New Hampshire</u> factor is simply whether the non-movant made inconsistent statements regarding the litigation under oath in a prior proceeding.  Clearly, the Plaintiff did.  The bankruptcy code requires a debtor in a bankruptcy proceeding to disclose all of his assets to the court.  11 U.S.C. §§ 521(1) and 541(a)(7).  A lawsuit has been held to constitute an asset.  <u>Toussaint v. Howard Univ.</u>, No. 03-1395 (JDB), 2005 U.S. Dist.  LEXIS 38738, at *5 (D.D.C. Nov. 8, 2005) (citing <u>Barger</u>, 348 F.3d at 1292) (Ex. 12).  The bankruptcy code imposes upon a debtor the duty to disclose all assets or potential assets to the Court; this duty is a crucial and continuing one that requires the debtor to amend his financial statements when circumstances change.  11 U.S.C. §521(1) and 541(a)(7); <u>Burnes</u>, 291 F.3d at 1286; <u>Browning Mfg. v. Mims</u> <u>(In re Coastal Plains, Inc.)</u>, 179 F.3d 197, 207-08 (5th Cir. 1999).

It is undisputed that Plaintiff, while actively pursuing this lawsuit, represented to the bankruptcy court in two separate proceedings, under penalty of perjury, that he had no pending claims against HUH.  (Ex. 3 & Ex. 4, Certified Petitions in Bankruptcy).  Plaintiff knew he had filed this action in 2001 and knew that he was required to disclose this matter to the bankruptcy court because he disclosed other cases to which he was a party.  Such statements are clearly inconsistent, and were not inadvertently made. [2]  The SOFAs executed by Plaintiff under penalty

---

[2] Courts have consistently held that where a plaintiff/debtor in an employment discrimination case has failed to disclose a pending employment discrimination claim in a bankruptcy petition, the party/debtor omitted the claim with the intention of deceiving the bankruptcy court and cannot rely upon the flimsy excuse that the failure to disclose was, "inadvertent."  <u>Barger</u>, 348 F.3d at 1295. Courts will consider a failure to disclose "inadvertent" only where the plaintiff/ debtor lacked any knowledge of the undisclosed claim or had no motive for the concealment.  <u>Burnes</u>, 291 F.3d at 1287; <u>De Leon</u>, 321 F.3d at 1290; <u>Jethroe</u>, 412 F.3d at 601 (applying <u>Burnes</u> and granting summary judgment on judicial estoppel grounds in employment discrimination case and inferring intentionality where debtor failed to disclose her EEOC charge and potential Title VII claim to bankruptcy court); <u>Lewis</u>, 141 F. App'x at 429 (citing <u>Barger</u> and holding that debtor's lawyer's advice not to list  the cause of action is "no panacea" to application of judicial estoppel); <u>Casto v. Am. Union Boiler Co. of W. Va.</u>, No. 2:05-cv-00757, 2006 U.S. Dist. LEXIS 14781 (S.D.W.V. Mar. 14, 2006) (dismissing plaintiff/ debtor's employment discrimination claim and

US2000 10483918.5

of perjury required him to disclose all lawsuits or proceedings before administrative agencies that he had been involved within one year of the filing of the petition. (Ex. 3 & Ex. 4, Certified Petitions in Bankruptcy, Statements of Financial Affairs, ¶4). Because Plaintiff has made false and clearly inconsistent statements to the bankruptcy court under oath, he should be judicially estopped from pursuing this action. Hamilton v. State Farm Fire & Casualty Co., 270 F.3d 778, 783-85 (9th Cir. 2001) (affirming summary judgment on judicial estoppel grounds in contract action because plaintiff debtors failed to disclose claims against their insurance company to bankruptcy court) ("we must invoke judicial estoppel to protect the integrity of the bankruptcy process"); see also, Barger, 348 F.3d at 1294-95; Burnes, 291 F.3d at 1286-88.

The facts of this case are similar to those of Barger, 348 F.3d at 1292-93; Baker, 125 F. App'x at 151; Becker, No. 06-2956, 2007 U.S. App. LEXIS 9879 at * 4; Burnes, 291 F.3d at 1286; Cannon-Stokes, 453 F.3d at 448; Casanova, 228 F. App'x at 840-41; DeLeon, 321 F.3d at 1290; Jethroe, 412 F.3d at 601; Lewis, 141 F. App'x at 424-429; and Tyler, 206 F. App'x at 500, because each of these actions involved plaintiffs in employment discrimination cases who failed to disclose pending lawsuits or charges of discrimination to the bankruptcy courts in which they had filed petitions. In each case, the district courts applied the doctrine of judicial estoppel to prevent the plaintiff/debtors who had concealed assets from the bankruptcy court from unfairly realizing on the undisclosed assets (the litigation). In each case, the appellate courts for the respective circuits affirmed the application of judicial estoppel on these facts because, by concealing an asset from the bankruptcy court, the plaintiff/debtors had clearly misrepresented themselves to the court. As the Burnes court explained, when it is established that a debtor, under penalty of perjury, submitted incomplete forms detailing assets to the bankruptcy court,

---

construing debtor's failure to list his administrative charge on his bankruptcy petition as intentional) (Ex. 13). In both of his bankruptcy proceedings, Plaintiff was represented by counsel.

there is no dispute that a debtor has made inconsistent statements.  Burnes, 291 F.3d at 1286-87.

Plaintiff's petitions in bankruptcy and SOFAs speak for themselves – they do not reflect the

instant action.  (Ex. 3 & Ex. 4, Certified Petitions in Bankruptcy).  Thus, it is undisputed that

Plaintiff has made inconsistent statements under oath.

> **4.      Judicial estoppel is appropriate here because the bankruptcy court relied upon Plaintiff's misrepresentations.**

Because the purpose of judicial estoppel is to protect the courts from disingenuousness,

the party who asserts the defense of judicial estoppel need not make a showing of individual

prejudice as the result of the plaintiff/debtor's falsehood.  Burnes, 291 F.3d at 1286.  Defendant

does not bear the burden of demonstrating that Plaintiff harmed HUH by its nondisclosure.

Simply put, the second New Hampshire factor is whether the bankruptcy court detrimentally

relied upon the non-movant's misrepresentations.  New Hampshire, 532 U.S. at 750; see also, id.

As with the first factor, this factor is also satisfied.

Plaintiff had never disclosed this case to the bankruptcy court nor did he amend his 2003

SOFA to reflect it.  (Ex. 3, Certified Petition in Bankruptcy).  Here, the bankruptcy court relied

upon Plaintiff's inaccurate 2003 SOFA when, on January 5, 2004, it discharged approximately

$20,000 of Plaintiff's unsecured debts.[3]  By concealing an asset – this lawsuit – from the

bankruptcy trustee, Plaintiff deprived the trustee of the opportunity to analyze whether it was

appropriate to continue pursuit of this action, or if the trustee determined that the lawsuit has no

value, to abandon it to debtor.  Toussaint, No. 03-1395 (JDB), 2005 U.S. Dist.  LEXIS 38738, at

---

[3] Plaintiff's 2007 Chapter 13 action was ultimately dismissed. (Ex. 8).  Therefore, it is difficult to discern the extent of the Court's reliance on Plaintiff's incomplete petition and schedules.  For this reason, Defendant will only address the Court's obvious reliance upon the statements contained in Plaintiff's 2003 bankruptcy petition and schedules.

US2000 10483918.5

*4. (Ex. 12).[4]   Thus, it is undisputed that the bankruptcy court detrimentally relied upon Plaintiff's misrepresentations when it discharged his debts.

> **5.      Judicial estoppel is appropriate here because Plaintiff intentionally concealed this lawsuit from the bankruptcy court.**

The third <u>New Hampshire</u> factor addresses the Plaintiff's intent.  The Plaintiff's intent can be inferred from his conduct.  If he had a motive to conceal this lawsuit from the bankruptcy court—to shield a potentially favorable judgment of money damages from his creditors, the Court can infer from this motive that Plaintiff intentionally sought to deceive the bankruptcy court.

When the undisputed facts demonstrate that a party failed to disclose a potential asset—a pending employment discrimination lawsuit, it is undisputed that the party had knowledge of the lawsuit during the disposition of the bankruptcy case.  <u>Burnes</u>, 291 F.3d at 1288.  It is likewise undisputed that the debtor/plaintiff possesses an obvious motive not to disclose the information—the potential to take the damages award from a favorable disposition in the discrimination case free and clear of the claims of creditors.  <u>De Leon</u>, 321 F.3d 1289, 1291 (a financial motive exists for a debtor to "secret" assets because it reduces the pool of assets available to satisfy the petitioner's debts); <u>Jethroe</u>, 412 F.3d 598, 601 (5th Cir. 2005) (inferring intentionality where debtor failed to disclose her EEOC charge and potential Title VII claim to bankruptcy court).

---

[4] By failing to disclose this asset to the bankruptcy court and then benefiting from the discharge granted to him by the court, Plaintiff also prevented the Chapter 7 bankruptcy trustee from pursuing this claim. <u>Pavlov v. Ingles Mkts., Inc.</u>, No. 1:03-cv-1647-JOF, 2006 U.S. Dist. LEXIS 18510 at, *6-8 (N.D. Ga. Apr. 11, 2006) *aff'd* at 236 F. App'x 549, 549 (11th Cir. 2007) *cert. denied* at 2007 U.S.LEXIS 12354 (U.S. Nov. 26, 2007) (explaining that in Chapter 7 cases where the litigation asset becomes the property of the bankruptcy court, only the trustee has standing to pursue a claim, whereas in Chapter 13 cases the debtor continues to control the litigation) (Ex. 14).  In <u>Pavlov</u>, the Eleventh Circuit affirmed the district court's order granting summary judgment to defendant on judicial estoppel grounds where plaintiff/debtor in a Chapter 13 action failed to disclose other pending litigation to the bankruptcy court.  <u>Id.</u> (distinguishing and disapproving of <u>Parker v. Wendy's Int'l, Inc.</u>, 365 F.3d 1268 (11th Cir. 2004)).

- 11 -

The undisputed facts clearly establish that Plaintiff intended to hide this asset from the bankruptcy court because he had something to gain by so doing.  See Pavlov, No. 1:03-cv-1647-JOF, 2006 U.S. Dist. LEXIS at * 9 *aff'd* at 236 F. App'x 549 (plaintiff who had knowledge of his prior filed lawsuit had "something to gain from misrepresenting it to the bankruptcy court.") (Ex. 14).  Plaintiff failed to disclose to the bankruptcy court that he was a party to the instant pending lawsuit (a potential asset), while he did  provide to the bankruptcy court notice of lawsuits in which he was a defendant (potential liabilities).   (Ex. 3 & Ex. 4, Certified Petitions in Bankruptcy).  For example, in his 2007 SOFA, Plaintiff listed only a garnishment proceeding against him in the Prince George's District Court, captioned Harbor Bank v. Moses, Civil Action No. 34603-2005.  Similarly, in his 2003 SOFA, Mr. Moses listed only a case captioned Primus Automotive Fin. Services, Inc. / Ford Motor Credit Co. v. Moses, Civ. Action No. 19259-01, a vehicle repossession action in the District Court for Upper Marlboro, Maryland.  According to Plaintiff, the Primus matter culminated in a September 13, 2002 judgment garnishing Mr. Moses' wages.  Moreover, not only did Plaintiff fail to disclose this lawsuit to the bankruptcy court when he executed his 2003 and 2007 SOFAs under penalty of perjury, he also failed to amend either SOFA to disclose it.[5]

Because Plaintiff freely disclosed the repossession and garnishment actions filed against him, but did not disclose this litigation against HUH (which he believes entitles him to millions of dollars), it is clear that Plaintiff purposely sought to manipulate the judicial process and make a mockery of it.  Therefore, the third factor is satisfied, and in order to preserve the integrity of the Court, Plaintiff should be judicially estopped from pursuing this lawsuit.

---

[5] While Plaintiff filed amended schedules in the 2007 action, he did not include the instant lawsuit on his amended schedules.  (Ex. 15, Amended Schedules).

US2000 10483918.5

**C.      Plaintiff lacks standing to pursue the instant claim.**

Even if this court determines that the Plaintiff is not judicially estopped from pursuing this lawsuit, the Court must still grant summary judgment, because the Plaintiff lacks standing to pursue the lawsuit.   When an individual files a petition for bankruptcy, the individual's pre-bankruptcy property becomes the property of the bankruptcy estate.   11 U.S.C. § 541; Toussaint, No. 03-1395 (JDB), 2005 U.S. Dist. LEXIS 38738, at *5 (citing Barger, 348 F.3d at 1292) (holding that plaintiff debtor surrendered her employment discrimination cause of action against her former employer to the bankruptcy trustee when she filed her petition and naming the trustee the real party in interest to the employment discrimination case and the proper party to pursue the action) (Ex. 12).   The bankruptcy estate includes the debtor's claims or causes of action.   Becker, No. 06-2956, 2007 U.S. App. LEXIS 9879 at * 4 ("the estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims") (citations omitted).   In cases filed under Chapters 7, just as in Plaintiff's 2003 bankruptcy case, the court-appointed bankruptcy trustee takes control of the debtor's assets and becomes the real party in interest in debtor's litigation.   Any judgment resulting from such cause of action will constitute property of the debtor's estate and be subject to disposition in the bankruptcy case.   Id. at *7-14 (discussing Fed. R. Civ. P. 17); see also, Pavlov, No. 1:03-cv-1647-JOF, 2006 U.S. Dist. LEXIS, at * 10 aff'd at 236 F. App'x at 549; Gebert, 260 F.3d  at 914-16 (plaintiffs who failed to disclose qui tam action to bankruptcy court lacked standing to bring the claim because it properly belonged to the bankruptcy trustee). Because the trustee is the real party in interest to the litigation, the debtor lacks standing to pursue the cause of action.   Toussaint, No. 03-1395 (JDB), 2005 U.S. Dist. LEXIS 38738, at *10-12 (Ex. 12); Barger, 348 F.3d at 1292-93; Becker, at No. 06-2956, 2007 U.S. App. LEXIS 9879, at *4 (Ex.10).

- 13 -

The real party in interest to this litigation is the bankruptcy trustee appointed in Plaintiff's Chapter 7 action which was discharged on January 5, 2004.  (Ex. 5, Certified Order Discharging Debtor & Ex. 6, Final Decree).  Accordingly, because Plaintiff is not the real party in interest, he lacks standing to assert and pursue this claim.

## III.   CONCLUSION

As the Supreme Court has explained, by invoking the doctrine of judicial estoppel and refusing to allow the party to proceed in separate litigation with its intentionally contradictory assertion or claim, a court protects the integrity of the judicial process by barring the party from unfairly reaping a benefit from the contrary position. New Hampshire, 532 U.S. at 750. Here, it is undisputed that Plaintiff (1) made clearly inconsistent statements, under oath, in judicial proceedings; (2) misled the bankruptcy court, which relied upon his clearly inconsistent statements to its detriment by confirming a discharge of some $20,000 in unsecured debts; and (3) purposely sought to mislead the courts when he made the inconsistent statements.  Because there is no genuine issue of material fact and it is clear that, as a matter of law, this Court should apply the doctrine of judicial estoppel to bar Plaintiff from recovery on all of his claims. However, even if this Court determines that the Plaintiff is not judicially estopped from pursuing this action, it must still grant summary judgment, because the Plaintiff lacks standing to pursue this lawsuit.  Accordingly, Defendant is entitled to summary judgment.

Respectfully submitted this the 10th day of December, 2007.

KILPATRICK STOCKTON, LLP

_____/s/_____

Stephen E. Baskin
(D.C. Bar # 45615)
607 14th Street, NW
Suite 900

- 14 -

Washington, DC 20005
Ph: (202) 508-5800
Fax: (202) 508-5858
sbaskin@kilpatrickstockton.com

Rachael Lee Zichella
(Admitted *Pro Hac Vice*)
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309
Ph: (404) 815-6500
Fax: (404) 815-6555
rzichella@kilpatrickstockton.com

*Attorneys for Defendant*
*Howard University Hospital*

- 15 -

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VIJAYAKUMAR MOSES, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil Action. No. 1:01-cv-02528 |
| | ) | (PLF) |
| HOWARD UNIVERSITY HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT, DEFENDANT'S MEORANDUM OF LAW IN SUPPORT OF RENEWED MOTION FOR SUMMARY JUDGMENT, and DEFENDANT'S PROPOSED ORDER GRANTING DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT** via U.S. first class mail on counsel for Plaintiff:

> James C. Strouse
> 5401 Twin Knolls Road
> Suite 11
> Columbia Maryland 21045

Respectfully submitted this 10[h] day of December, 2007.

_____
/s/
Stephen E. Baskin, Esq.

US2000 10483918.5