**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

VIJAYAKUMAR MOSES,          )
                                    )
      Plaintiffs                  )
                                      )
           v.                      )        Civil Action. No. 1:01-cv-02528
                                    )                (PLF)
HOWARD UNIVERSITY HOSPITAL,    )
                                    )
      Defendant.               )
                                    )

**DEFENDANT'S REPLY IN SUPPORT OF ITS
RENEWED MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56 and L.R. 56.1, Defendant Howard University Hospital

("Defendant" or "HUH") through undersigned counsel, respectfully submits its reply in support

of its renewed motion for summary judgment. [1]

---

[1] Plaintiff included a request for sanctions in his response to Defendant's motion. This sanctions request is based on the false assertion that counsel for HUH lied to him about the need for a continuance. Simply put, Plaintiff's request is ridiculous. On November 12, 2007, the parties filed the joint motion for continuance. The parties requested a continuance for two reasons: (1) counsel for both parties had recently been retained, which is true; and (2) several of Defendant's key witnesses were out of town and could not attend a December 17 trial due to the Christmas Holiday, which was also true. The request for sanctions suggests that the real reason counsel for HUH filed the joint motion for a continuance was so that it could buy more time to file its renewed motion for summary judgment. That is simply false. Indeed, on November 12, 2007 counsel for HUH did not even know about the non-disclosure that forms the basis for its renewed motion for summary judgment. In fact, on November 29, 2007, after the Court had granted the continuance, undersigned counsel performed a public records search on Plaintiff. Undersigned counsel routinely performs searches of this nature. This search revealed that Plaintiff did not disclose this case to the Bankruptcy Court in two bankruptcy filings he had made. (Declaration of Rachael Lee Zichella, Ex. 9 to D.E. 60, Defendant's Renewed Motion for Summary Judgment). Having learned that Plaintiff, in violation of the law, had twice failed to disclose the instant litigation to the Bankruptcy Court, counsel for HUH contacted the office of counsel for Plaintiff on December 6, 2007. He did not respond. Thus, counsel for HUH filed the motion for leave and renewed motion for summary judgment.

When the parties finally did talk last week - before Plaintiff's counsel filed his response and motion for sanctions - Counsel for HUH explained the facts set forth in this footnote to Plaintiff's counsel. Despite direct knowledge of the situation, Plaintiff's counsel continued with

## I.     __INTRODUCTION__

After discovering that Plaintiff, during the pendency of this case, had filed two petitions in bankruptcy in federal court in which he did not disclose this lawsuit as an asset, Defendant filed a renewed motion for summary judgment setting forth why Plaintiff should be judicially estopped from proceeding with this action.

Plaintiff filed an untimely response[2] in which he neither disputes the facts contained in Defendant's motion nor rebuts them.  Accordingly, it is undisputed that Plaintiff defrauded the Bankruptcy Court.  Thus, there are no issues of material fact.  Further, Plaintiff has not even attempted to rebut the case law set forth in the renewed motion which mandates summary judgment.  Indeed, he has not advanced any argument or law that would justify his conduct. Accordingly, Defendant is entitled to summary judgment as a matter of law.

---

asserting his baseless claim for sanctions predicated on "facts" that were unsubstantiated and that he knew to be false.

[2] Defendant is also entitled to summary judgment on procedural grounds.  As a threshold matter, Local Rule 7(b) requires a party opposing a motion to file a responsive memorandum of law opposing the motion within 11 days of the date of service of the motion.  If a memorandum is not filed within the prescribed period, the court may consider the motion conceded.  *Ashford v. East Coast Express Eviction*, 245 F.R.D. 36, 38 (D.D.C. 2007); *Halmon v. Jones Lang Wootton USA*, 355 F. Supp. 2d 239, 245-46 (D.D.C. 2005) (Ex. 1); *Matthews v. Am. Psych. Soc.,* No. 04-261(CKK), 2005 U.S. Dist. LEXIS 3985 at * 18-20 (D.D.C. Mar. 7, 2005) (Ex. 2); *Jones v. Nat'l Inst. Of Health Fed. Credit Union*, No. 00-1773 (RJL), 2006 U.S. Dist. LEXIS 10118 at *4-6 (D.D.C. Feb. 27, 2006) (Ex. 3); *Gov't Relations, Inc. v. Howe*, No. 05-1081 (CKK), 2007 U.S. Dist. LEXIS 4952 at *18-22 (D.D.C. Jan. 24, 2007) (Ex. 4); *D.A., et al., v. District of Columbia*, No. 07-1084 (PLF/JMF), 2007 U.S. Dist. LEXIS 90640 at * 17-21 (D.D.C. Dec. 6, 2007) (Ex. 5); *Inst. for Policy Studies v. U.S. Central Intelligence Agency*, No. 06-0960 (HHK/JMF), 2007 U.S. Dist. LEXIS 92206 at * 15-19 (D.D.C. Dec. 18, 2007) (Ex. 6).  Defendant filed its motion on December 10, 2007.  Plaintiff's response to this motion was due on December 24, 2007. Plaintiff did not respond to Defendant's motion until January 4, 2008, 11 days after the response was due.  Accordingly, because Plaintiff failed to respond to Defendant's motion within the allotted time, this Court should consider Defendant's motion conceded under L.R. 7(b) and summary judgment should be granted in favor of Defendant.

## II.    ARGUMENT

### A.    Defendant is entitled to summary judgment because it is undisputed that Plaintiff defrauded the Bankruptcy Court.

Federal Rule of Civil Procedure 56(c) clearly states that a moving party is entitled to summary judgment if the pleadings, discovery, and affidavits demonstrate that that there is no genuine issue as to any material fact.  Further, a party opposing a motion for summary judgment has an obligation to respond to the motion – by affidavits or otherwise – setting out specific facts that show a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  L.R. 56.1 expands this rule by requiring a party in opposition to a motion for summary judgment  to file a separate concise statement of material facts to which it contends a dispute of facts exist.  Where an opposing party fails to controvert a material fact contained in the moving party's statement of facts, the Court may deem the fact admitted.  L.R. 56.1.  Plaintiff has not disputed any of the facts set forth in HUH's Motion.[3]  Plaintiff does not dispute any of the following material facts:

Plaintiff filed two bankruptcy petitions during the pendency of the above-captioned lawsuit.  (Ex. 3 & 4 to D.E. 60, Certified Petitions in Bankruptcy): (1) in 2003, Plaintiff filed a Chapter 7 case captioned *In re Vijayakaumar Moses*, Ch. 7 Case No. 03-19009-DK (Bankr. D. MD) (Ex. 3 to D.E. 60, Certified Petition in Bankruptcy); and (2) in 2007, Plaintiff filed a Chapter 13 case captioned and *In re Vijayakaumar Moses*, Ch. 13 Case No. 07-10802 (Bankr. D. MD) (Ex. 4 to D.E. 60, Certified Petitions in Bankruptcy).

---

[3] Plaintiff failed to respond to Defendant's statement of undisputed material facts with a statement of its own material facts.  Accordingly, because there are no disputed issues of material fact, pursuant to L.R. 56.1 and Fed. R. Civ. P. 56, Defendant is entitled to summary judgment.

US2000 10546322.4

Plaintiff executed his 2003 and 2007 statements of financial affairs ("SOFAs), which were submitted to the Bankruptcy Court, under penalty of perjury, but did not disclose this lawsuit to the bankruptcy court in either case.  11 U.S.C. §§ 521 and 541(a)(7); (Ex. 3 & 4 to D.E. 60, Certified Petitions in Bankruptcy).

Plaintiff did not amend either SOFA to reflect this lawsuit.  (Ex. 3 & 4 to D.E. 60, Certified Petitions in Bankruptcy).

Plaintiff did, however, disclose to the Bankruptcy Court other lawsuits in which he was a defendant. (Ex. 3 & 4 to D.E. 60, Certified Petition in Bankruptcy).

In Plaintiff's Chapter 7 case, the Bankruptcy Court discharged Plaintiff's unsecured debts in the amount of approximately $20,000.00 on January 5, 2004. (Ex. 5 to D.E. 60, Certified Order Discharging Debtor & Ex. 6 to D.E. 60, Final Decree).

Again, to be crystal clear, Plaintiffs does not dispute any of the above-stated facts. Not only does Plaintiff fail to dispute the facts, he fails to advance any explanation for them. Plaintiff does not suggest that his failure to disclose this lawsuit was an accident or a mistake. Instead, he ignores his obligation under the Federal and Local Rules to respond to Defendant's motion by simply ignoring it, too.[4]  Thus, the only question for this Court is whether, as a matter of law, Plaintiff's non-disclosure operates to judicially estopped him from proceeding in this case.  HUH submits, based on the undisputed case law, that it is entitled to summary judgment as a matter of law.

---

[4] Plaintiff's response to Defendant's motion was due on December 24, 2007.  Plaintiff did not respond to Defendant's motion until January 4, 2008, 11 days after the deadline had passed. Accordingly, because Plaintiff failed to respond to Defendant's motion within the allotted time, this Court should consider Defendant's motion conceded under L.R. 7(b) and should grant summary judgment in favor of Defendant.  *See* n2, *supra*.

**B.      Defendant is entitled to summary judgment because Plaintiff is judicially estopped from pursuing his claims.**

The law is clear.  Time after time in employment discrimination cases courts have invoked the doctrine of judicial estoppel to prevent plaintiff/debtors from defrauding the bankruptcy court.  *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 601 (5th Cir. 2005) (affirming summary judgment on judicial estoppel grounds in employment discrimination case where debtor failed to disclose her EEOC charge and potential Title VII claim to bankruptcy court); *Tyler v. Fed. Express Corp.*, 206 F. App'x 500, 500 (6th Cir. 2006) (affirming summary judgment on judicial estoppel grounds where debtor in Chapter 13 case failed to disclose the existence of an ADA/ Title VII claim to the bankruptcy court); *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 424-429 (6th Cir. 2005) (affirming application of judicial estoppel in Title VII case where debtor failed to disclose the action to the bankruptcy court); *Becker v. Verizon N., Inc.*, No. 06-2956, 2007 U.S. App. LEXIS 9879 at *4 (7th Cir. Apr. 25, 2007) (affirming summary judgment against plaintiff in Title VII and ADEA case where plaintiff failed to disclose cause of action in Chapter 7 proceedings) (citing *De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1290 (11th Cir. 2003)); *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) (affirming summary judgment for employer where plaintiff in suit under the Rehabilitation Act failed to disclose lawsuit in her Chapter 7 petition); *Baker v. Dep't of Interior*, 125 F. App'x 151, 151 (9th Cir. 2005) (affirming summary judgment on judicial estoppel grounds properly entered against plaintiff in Title VII action who failed to disclose lawsuit on her bankruptcy schedule); *Barger v. City of Cartersville*, 348 F.3d 1289, 1292-93 (11th Cir. 2003) (plaintiff who failed to disclose previously filed and pending employment discrimination suit in bankruptcy petition judicially estopped from pursuing claims for damages); *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282,

- 5 -

1286 (11th Cir. 2002) (Chapter 13 debtor who failed to amend his statement of financial affairs to reflect later-filed employment discrimination suit judicially estopped from pursuing money damages); *Casanova v. PRE Solutions, Inc.*, 228 F. App'x 837, 840-41 (11th Cir. 2007) (pending EEOC Charge is property of bankruptcy estate and must be disclosed) (citing *Burnes*, 291 F.3d at 1287-88 and *Barger*, 348 F.3d at 1293-97).   In each case, the district courts applied the doctrine of judicial estoppel to prevent the plaintiff/debtors who had concealed assets from the bankruptcy court from unfairly realizing on the undisclosed assets (the litigation).   In each of these cases, the appellate courts for the respective circuits affirmed the application of judicial estoppel on these facts because, by concealing an asset from the bankruptcy court, the plaintiff/debtors had clearly misrepresented themselves to the court.

Just as he failed to respond to the facts, Plaintiff has failed to respond to a single case cited by Defendant in support of its motion.   Plaintiff cites only to dicta in two cases that do not even support the points he seeks to address in his response.

C.   **Plaintiff's motion fails to address Defendant's arguments and mischaracterizes the law.**

1.   *Contrary to Plaintiff's assertion, the Bankruptcy Court's interest is not in the estate's money, but in the fair and honest administration of bankruptcy cases.*

Plaintiff incorrectly contends that the Bankruptcy Court has an interest in any money that could potentially be awarded to Plaintiff as a result of this lawsuit.  This wholly misstates the interest of the Bankruptcy Court.  It is Plaintiff's creditors – not the Court- who have a financial interest in any money awarded to Plaintiff. *See De Leon*, 321 F.3d 1289, 1291 (when a debtor hides asset from the bankruptcy court it reduces the pool of assets available to satisfy the petitioner's debts).  The interest of the Bankruptcy Court, rather, is in ensuring that there is no fraud in the administration of bankruptcy cases. *See e.g., In re VVF Commc'ns. Corp.*, 41 B.R.

- 6 -

546, 553-54 (Bankr. D.D.C. 1984) (invoking the doctrine of judicial estoppel and noting that, the

debtor's agent "should not be permitted to play fast and loose" with the court).  For this reason,

debtors are required to make their required disclosures to the bankruptcy court under penalty of

perjury.   11 U.S.C. §521 and 541(a)(7); *see* Ex. 3 & 4 to D.E. 60.  Such disclosure allows the

bankruptcy trustee, whose job it is to assess the debtor's assets on behalf of the estate and to

perform an accounting of the assets of the estate, to determine whether to abandon, litigate or

settle the debtor's causes of action. *Toussaint v. Howard Univ.,* No. 03-1395 (JDB, 2005 U.S.

Dist. LEXIS 38738, at *4. (Ex. 12 to D.E. 60).[5]  Plaintiff's nondisclosure of this lawsuit to the

Bankruptcy Court deprived Plaintiff's creditors of the benefit of the bankruptcy trustee's

assessment of the value, if any, of this case.

    The interest of the bankruptcy estate is in the proper marshalling of the debtor's assets for

the satisfaction of his creditors.  *See generally, In re Refco Inc.*, 505 F.3d 109, 116 (2d. Cir.

2007) (one of the purposes of the bankruptcy code is to "convert the bankrupt's estate into cash

and distribute it among creditors" because the bankruptcy courts "were established to provide a

forum where creditors and debtors could settle their disputes and thereby effectuate the

objectives of the statute.").  The trustee, as the estate's representative, was entitled by law to

learn about this lawsuit and to make a decision regarding whether to intervene in this action as

the real party in interest/ co-plaintiff (not a co-defendant, as plaintiff incorrectly states). *Pavlov*

---

[5] By failing to disclose this asset to the bankruptcy court and then benefiting from the discharge granted to him by the court, Plaintiff also prevented the Chapter 7 bankruptcy trustee from addressing this claim. *Pavlov v. Ingles Mkts., Inc.*, No. 1:03-cv-1647-JOF, 2006 U.S. Dist. LEXIS 18510 at, *6-8 (N.D. Ga. Apr. 11, 2006) *aff'd* at 236 F. App'x 549, 549 (11th Cir. 2007) *cert. denied* at 2007 U.S.LEXIS 12354 (U.S. Nov. 26, 2007) In *Pavlov*, the Eleventh Circuit affirmed the district court's order granting summary judgment to defendant on judicial estoppel grounds where plaintiff/debtor in a Chapter 13 action failed to disclose other pending litigation to the bankruptcy court. *Id.*  (distinguishing and disapproving of *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268 (11th Cir. 2004)).

US2000 10546322.4

*v. Ingles Mkts., Inc.*, No. 1:03-cv-1647-JOF, 2006 U.S. Dist. LEXIS 18510 at, *6-8 (N.D. Ga.

Apr. 11, 2006) *aff'd* at 236 F. App'x 549, 549 (11th Cir. 2007) *cert. denied* at 2007 U.S.LEXIS

12354 (U.S. Nov. 26, 2007) (explaining that in Chapter 7 cases where the litigation asset

becomes the property of the bankruptcy court, only the trustee has standing to pursue a claim as a

plaintiff) (Ex. 14 to D.E. 60).   Plaintiff's misrepresentation and omissions – made under penalty

of perjury - deprived the trustee of the opportunity to assess the value of his asset – this lawsuit –

and to determine whether and how to dispose of it.

> **2.      *Plaintiff's contention that the Bankruptcy Court could become a <u>co-
> defendant</u> and intervenor in a case presumably
> pending against Plaintiff in Howard County case is incorrect.***

Plaintiff contends that the Bankruptcy Court could intervene in an action presumably

pending against him in the Circuit Court of Howard County, Maryland.   In support of this

proposition, Plaintiff cites to an unreported case from the Howard County Circuit Court, *Perez v.

Geico*.[6]  Further, Plaintiff's references to Judge Keir mislead the Court.   Contrary to Plaintiff's

assertions, Judge Keir is not a judge in Howard County, Maryland (and to the knowledge of

defense counsel, never has been).   Rather, Judge Keir is a federal bankruptcy judge sitting in the

United States Bankruptcy Court for the District of Maryland.   Judge Keir could not have made

the statements that Plaintiff alleges that he made in Howard County Circuit Court.

Likewise, the Bankruptcy Court could not have become a co-defendant in the Howard

County Circuit Court Case, and it is unclear what relevance the inapposite facts of the *Perez* case

have to this matter.   It appears from Plaintiff's summary that the *Perez* case involved a situation

where the debtor in bankruptcy was also the plaintiff in the civil action.   The debtor disclosed the

lawsuit (which, because he was the plaintiff constituted an asset).   Because the *Perez* debtor was

---

[6]Plaintiff failed to provide a full citation to this unreported case or to properly attach a
copy of it to his motion.

US2000 10546322.4

also the plaintiff in the civil action, the automatic stay of section 362 of the Bankruptcy Code did

not apply.  This is axiomatic.  *See Toussaint,* No. 03-1395 (JDB, 2005 U.S. Dist. LEXIS 38738,

at *4.  Indeed, HUH does not dispute that the automatic stay would not have applied to this

lawsuit, but that is not the point.  The point is that the Plaintiff never disclosed the lawsuit.

Plaintiff's reliance on *Bowie v. Rose Shanis Financial Services*, another improperly and

incompletely cited state court case, is also misplaced.[7]  In *Bowie,* the court merely noted that the

trustee was the real party in interest– not the debtor/plaintiff – and had standing to pursue the

claim (as explained above).  Again, this is axiomatic.  HUH does not dispute this point.  Indeed,

if Plaintiff had disclosed this case in his bankruptcy filings, the bankruptcy trustee could have

analyzed whether to substitute in as real party in interest or abandon this case to the Plaintiff.

Plaintiff's nondisclosure robbed the trustee, the bankruptcy estate, and his creditors of this

valued analysis.  *See generally, In re Refco Inc.*, 505 F.3d at 116 (the trustee's job is to "convert

the bankrupt's estate into cash and distribute it among creditors").

Plaintiff's response overlooks a concept fundamental to the application of the doctrine of

judicial estoppel: the primary interest of the bankruptcy courts is the fair and efficient

administration of the bankruptcy case.  *See In re Gantt*, No. 96-1721,1998 U.S. App. LEXIS

16742 at *10 (4th Cir. Jul. 22, 1998) (debtor who admitted that he deliberately chose to miss the

deadline to file his schedule of assets and liabilities properly precluded from submitting late

filings because failure to abide by bankruptcy court's rules impairs fairness and efficiency of the

estate's administration) (Ex. 7).  The entire bankruptcy system, which affords debtors with a

shelter from creditors – is premised upon the notion of transparency.  For this reason, debtors are

---

[7] The citation Plaintiff included in his brief for the *Bowie* case actually refers to *Cohen v. Md. State Bd. of Phys. Quality Assurance*, 160 Md. App. 277 (2004) or *Irwin v. Hawfield*, 62 A.2d 926 (1102) (D.C. Ct. App. 1948).  Neither case is on point.

obligated by statute to disclose <u>all</u> of their assets and liabilities to the court.  11U.S.C. §§ 521 and 541(a)(7).

Here, it is undisputed that Plaintiff had a clear motive to shield his assets from the Bankruptcy Court – the opportunity to obtain a judgment in this case free and clear of his creditors.  *De Leon*, 321 F.3d at 1291 (a financial motive exists for a debtor to "secret" assets because it reduces the pool of assets available to satisfy the petitioner's debts); *Jethroe*, 412 F.3d at 601 (5th Cir. 2005) (inferring intentionality where debtor failed to disclose her EEOC charge and potential Title VII claim to bankruptcy court).  Plaintiff abused the bankruptcy system.  He deprived the trustee of his duty to assess whether this case had any value to the estate.  Thus, the trustee's valuation of Plaintiff's estate was incomplete and the order discharging Plaintiff's debts rested upon an incomplete record.  Because Plaintiff defrauded the Bankruptcy Court and his creditors, he should be judicially estopped from pursuing this action, and Defendant is entitled to summary judgment.

**III.    CONCLUSION**

For the foregoing reasons, Defendant is entitled to summary judgment.

Respectfully submitted this the 10th day of January, 2008.

KILPATRICK STOCKTON, LLP


_____/s/_____

Stephen E. Baskin
(D.C. Bar # 45615)
607 14th Street, NW
Suite 900
Washington, DC 20005
Ph: (202) 508-5800
Fax: (202) 508-5858
sbaskin@kilpatrickstockton.com

Rachael Lee Zichella

US2000 10546322.4

(Admitted *Pro Hac Vice*)
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309
Ph: (404) 815-6500
Fax: (404) 815-6555
rzichella@kilpatrickstockton.com

*Attorneys for Defendant*
*Howard University Hospital*

US2000 10546322.4

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VIJAYAKUMAR MOSES, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil Action. No. 1:01-cv-02528 |
| | ) | (PLF) |
| HOWARD UNIVERSITY HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2008, I electronically filed the foregoing

**DEFENDANT'S REPLY IN SUPPORT OF ITS RENEWED MOTION FOR SUMMARY**

**JUDGMENT** with the Clerk of the Court using the CM/ECF system which will automatically

send email notification of such filing to the following attorneys of record:

> James C. Strouse
> 5401 Twin Knolls Road
> Suite 11
> Columbia, Maryland 21045
> sstrousejc@aol.com

> /s/ Rachael Lee Zichella
> Counsel for Defendant

- 12 -

US2000 10546322.4