**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VIJAYAKUMAR MOSES, )<br> )<br>    Plaintiffs )<br> )<br>        v. )<br> )<br>HOWARD UNIVERSITY HOSPITAL, )<br> )<br>    Defendant. )<br> ) | Civil Action. No. 1:01-cv-02528<br>(PLF) |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO ADD A PLAINTIFF

Pursuant to L.R. 7(b), Defendant Howard University Hospital ("Defendant" or "HUH") through undersigned counsel, respectfully submits this response to Plaintiff's Supplemental Motion to Add a Plaintiff ("Supplemental Motion") (D.E. 86).

On September 29, 2003, Plaintiff filed a Chapter 7 bankruptcy case captioned *In re Vijayakaumar Moses*, Ch. 7 Case No. 03-19009-DK (Bankr. D. MD) (Ex. 3 to D.E. 60, Certified Petition in Bankruptcy). On December 11, 2008, Defendant filed a summary judgment motion seeking to dismiss this case on judicial estoppel grounds because Plaintiff failed to disclose this case as an asset on his bankruptcy schedules. (D.E. 60).

In an attempt to avoid summary judgment, Plaintiff contacted the Trustee in the Chapter 7 matter, Janet Nesse ("the Trustee" or "Ms. Nesse"), and sought to reopen the bankruptcy proceedings to amend his schedules. After the Bankruptcy Court reopened the bankruptcy proceedings on January 24, 2008, Plaintiff's counsel filed a "consent" motion in the Bankruptcy Court purportedly on behalf of Plaintiff and Ms. Nesse to close the bankruptcy proceedings. (Ex. 1). On February 21, 2008, Ms. Nesse filed an opposition to Plaintiff's "consent" motion,

also in the Bankruptcy Court, indicating that Plaintiff's counsel had not obtained her consent to file the motion and refused to close the bankruptcy proceedings. (Ex. 2).

Plaintiff asserts in his Supplemental Motion that the Trustee wishes to pursue the instant case on behalf of the estate. (D.E. 83, p. 2, ¶10). There are no affidavits in the record that support Plaintiff's statement. Further, even if he did have such a supporting affidavit, it would be ineffective. Plaintiff simply has no authority to add the Trustee as a party to this litigation. It is the Trustee, not Plaintiff, who has discretion to intervene. *Toussaint v. Howard Univ.,* No. 03-1395 (JDB), 2005 U.S. Dist. LEXIS 38738, at *8-9 (Ex. 12 to D.E. 60) (while a trustee may choose to intervene in the pending lawsuit, intervention is not mandatory). Further, though she is aware of this action, the Trustee has not filed any documents with this Court indicating her intention to intervene.

More troubling, however, than Plaintiff's misrepresentations to this Court and the Bankruptcy Court regarding the Trustee's consent and intentions, is Plaintiff's eleventh hour effort to reopen the bankruptcy matter, amend his schedules, and add the Trustee to this litigation - none of which changes the outcome of this case. *Barger v. City of Cartersville*, 348 F.3d 1289, 1292-93 (11th Cir. 2003) (re-opening of bankruptcy matter does not excuse plaintiff's intentional manipulation of the court); *Pavlov v. Ingles Mkts., Inc.*, 236 F. App'x 549, 549 (11th Cir. 2007) *cert. denied* at 2007 U.S. LEXIS 12354 (U.S. Nov. 26, 2007) (where trustee in bankruptcy had not appeared in the action, judicial estoppel could be applied against the plaintiff's claims despite any interest of the bankruptcy trustee) (Ex. 14 to D.E. 60); *Verizon N., Inc.*, No. 06-2956, 2007 U.S. App. LEXIS 9879 at *4 (7th Cir. Apr. 25, 2007) (judicial estoppel barred plaintiff's undisclosed Title VII and ADEA claims even though bankruptcy trustee had standing to pursue them) (Ex. 10 to D.E. 60). Defendant is entitled to summary judgment

because Plaintiff cannot solve his ultimate problem – that he failed to disclose an asset of the estate under penalty of perjury on two separate occasions.  Allowing Plaintiff's claims to proceed would not promote the integrity of the judicial process:

> Allowing [a debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets.

*Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002).  Based on the doctrine of judicial estoppel, this case should be dismissed.  Defendant's motion for summary judgment should be granted for the reasons stated therein.

Respectfully submitted this the 4th day of March, 2008.

KILPATRICK STOCKTON, LLP

/s/

Stephen E. Baskin
(D.C. Bar # 45615)
607 14th Street, NW
Suite 900
Washington, DC 20005
Ph: (202) 508-5800
Fax: (202) 508-5858
sbaskin@kilpatrickstockton.com

Rachael Lee Zichella
(Admitted *Pro Hac Vice*)
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309
Ph: (404) 815-6500
Fax: (404) 815-6555
rzichella@kilpatrickstockton.com

*Attorneys for Defendant*
*Howard University Hospital*

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2008, I electronically filed the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO ADD A NEW PLAINTIFF** with the Clerk of the Court using the CM/ECF system, which automatically sends email notification of such filing to the following attorney of record:

>James C. Strouse
>5401 Twin Knolls Road
>Suite 11
>Columbia, Maryland 21045
>sstrousejc@aol.com

I further certify that on March 4, 2008, I served a copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO ADD A NEW PLAINTIFF** by depositing a copy of same in U.S. Mail to be delivered at the following address to:

>Janet Nesse, Esq.
>Stinson Morrison Hecker LLP
>1150 18th Street N.W.
>Washington, D.C. 20036

>/s/ Rachael Lee Zichella
>Counsel for Defendant