**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VIJAYAKUMAR MOSES, )<br>)<br>    Plaintiffs )<br>)<br>        v. )<br>)<br>HOWARD UNIVERSITY HOSPITAL, )<br>)<br>    Defendant. )<br>) | Civil Action. No. 1:01-cv-02528<br>(PLF) |

**DEFENDANT'S RESPONSE TO TRUSTEE'S MOTION TO SUBSTITUTE BANKRUPTCY TRUSTEE FOR PLAINTIFF**

Pursuant to L.R. 7(b), Defendant Howard University Hospital ("Defendant" or "HUH") through undersigned counsel, respectfully submits this response to the Motion of Janet M. Nesse, bankruptcy trustee ("Trustee"), to intervene in this closed matter. (D.E. 95).

## I.     FACTS AND PROCEDURAL POSTURE

1. On September 29, 2003, Plaintiff filed a Chapter 7 bankruptcy case captioned *In re Vijayakaumar Moses*, Ch. 7 Case No. 03-19009-DK (Bankr. D. Md.) (Ex. 3 to D.E. 60, Certified Petition in Bankruptcy).

2. On December 11, 2008, Defendant filed a summary judgment motion seeking to dismiss this case on judicial estoppel grounds because Plaintiff failed to disclose this case as an asset on his bankruptcy schedules. (D.E. 60).

3. Thereafter, in an attempt to avoid summary judgment, Plaintiff contacted the Trustee in the Chapter 7 matter and sought to reopen the bankruptcy proceedings to amend his schedules. After the Bankruptcy Court reopened the bankruptcy proceedings on January 24, 2008, Plaintiff's counsel filed a "consent" motion in the Bankruptcy Court purportedly on behalf of Plaintiff and the Trustee to close the bankruptcy proceedings. (Ex. 1 to D.E. 89).

- 1 -

4. On February 19, 2008, in this Court, Plaintiff filed a "Supplement Motion to Add the Trustee as a Plaintiff." Plaintiff asserted in his Supplemental Motion that the Trustee wished to pursue the instant case on behalf of the estate. (D.E. 86, p. 2, ¶10).

5. On February 21, 2008, the Trustee filed an opposition to Plaintiff's "consent" motion in the Bankruptcy Court indicating that Plaintiff's counsel had not obtained her consent to file the motion to close the bankruptcy proceedings and arguing against closure of them. (Ex. 2 to D.E. 89).

6. On March 4, 2008, Defendant responded to Plaintiff's Supplemental Motion Add a Plaintiff. Defendant served its response to the motion on the Trustee. (D.E. 89).

7. The Trustee did not respond to either party's motion and did not file any documents with the Court.

8. On July 1, 2008, the Court denied Plaintiff's Supplemental Motion to Add a Plaintiff. (D.E. 93).

9. On July 1, 2008, this Court entered summary judgment in favor of Defendant. (D.E. 94). Defendant immediately withdrew its tentative settlement offer.

10. Subsequently, the Court closed this case on July 3, 2008. (D.E. 94).

11. On July 9, 2008, the Trustee filed a motion for substitution pursuant to Rule 17(a) of the Federal Rules of Civil Procedure. (D.E. 95).

## II.   ARGUMENT

Federal Rule of Civil Procedure 17(a) provides that every action must be prosecuted in the name of the "real party in interest." A "trustee authorized by statute" pursuant to Rule 17(a)(1)(G) <u>may</u> sue "in its own name without joining the person for whose benefit the action is brought . . . ." (emphasis added). The plain language of Rule 17(a)(3) provides that, "A court

may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Further, the 1966 comments to the Rule indicate that this provision was added to promote the interests of justice and to insure against forfeiture.

The right of the trustee to intervene in pending litigation and to assert claims on behalf of a debtor's estate is purely discretionary. *Toussaint v. Howard Univ.,* No. 03-1395 (JDB), 2005 U.S. Dist. LEXIS 38738, at *8-9 (Ex. 12 to D.E. 60) (while a trustee may choose to intervene in the pending lawsuit, intervention is not mandatory). Moreover, the failure of a bankruptcy trustee to intervene in pending litigation will not prevent dismissal of the action. *Lexxus Int'l, Inc. v. Lacore*, 512 F. Supp. 2d 647, 661 (N.D. Tex. 2007). Indeed, in *Lacore*, the court held that dismissal of a lawsuit on judicial estoppel grounds without substitution of the bankruptcy trustee as the real party in interest was proper where the trustee had never intervened in the case despite having ample time to do so and the plaintiff had sought to hide the lawsuit from the bankruptcy court. 512 F. Supp. 2d at 661-62. There, as here, the bankruptcy trustee had notice of the pending action and an opportunity to substitute herself as the real party in interest. *Id.* The similarities do not end there. Just like this Trustee, the *Lacore* trustee re-opened the bankruptcy matter, conducted business on behalf of the estate, and failed to intervene in the pending litigation. *Id.*; *see also*, *Pavlov v. Ingles Mkts., Inc.*, 236 F. App'x 549, 549 (11th Cir. 2007) *cert. denied* at 2007 U.S. LEXIS 12354 (U.S. Nov. 26, 2007) (where trustee in bankruptcy had not appeared in the action judicial estoppel could be applied against the plaintiff's claims despite any interest of the bankruptcy trustee) (Ex. 14 to D.E. 60).

The Trustee's right to seek substitution depended upon the timely exercise of it. Fed. R. Civ. P. 17(a). She did not do so. Instead, she waited until July 9, 2008 to seek substitution–

seven months after she learned of this matter and eight months after Defendant moved for summary judgment.

Moreover, the Trustee has advanced no reasonable explanation for her failure to seek substitution; rather, she states anemically that she did not intervene because of "the pending settlement" and her desire to "conserve the resources of the bankruptcy estate." The Trustee also claims that Defendant did not provide the settlement demand for two months. While Defendant was required to engage outside resources to determine benefits as part of the settlement, this is logically irrelevant to the point that the Trustee could have, in her discretion, intervened in this action. She had notice of the matter and knew that a summary judgment motion was pending before the Court. The case is over. Summary judgment was granted and the case has been dismissed and closed. The Trustee's motion should be denied for the reasons stated herein.

Respectfully submitted this the 21st day of July, 2008.

KILPATRICK STOCKTON, LLP

/s/

Stephen E. Baskin
(D.C. Bar # 45615)
607 14th Street, NW
Suite 900
Washington, DC 20005
Ph: (202) 508-5800
Fax: (202) 508-5858
sbaskin@kilpatrickstockton.com

Rachael Lee Zichella
(Admitted *Pro Hac Vice*)
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309
Ph: (404) 815-6500
Fax: (404) 815-6555
rzichella@kilpatrickstockton.com

*Attorneys for Defendant*
*Howard University Hospital*

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2008, I electronically filed the foregoing **DEFENDANT'S RESPONSE TO TRUSTEE'S MOTION TO INTERVENE** with the Clerk of the Court using the CM/ECF system, which automatically sends email notification of such filing to the following attorney of record:

>James C. Strouse
>5401 Twin Knolls Road
>Suite 11
>Columbia, Maryland 21045
>sstrousejc@aol.com

I further certify that on July 21, 2008, I served a copy of the foregoing **DEFENDANT'S RESPONSE TO TRUSTEE'S MOTION TO INTERVENE** by depositing a copy of same in U.S. Mail to be delivered at the following address to:

>Janet Nesse, Esq.
>Stinson Morrison Hecker LLP
>1150 18th Street N.W.
>Washington, D.C. 20036

>/s/ Rachael Lee Zichella
>Counsel for Defendant